# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| WINONA FRAZIER, | : |
| Plaintiff, | : |
| VS. | : |
| | : 3: 10-CV-76 (CAR) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on September 28, 2010, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401

(1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process.  20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working.  In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed applications for Supplemental Security Income benefits and disability insurance benefits with a protective filing date of October 20, 2006, alleging disability since August 1, 2006, due to seizures, memory problems, and intestinal masses.  (T- 112-119, 134).  Her claims were denied initially and upon reconsideration.  (T - 67-84).  A hearing was held before an ALJ in Athens, Georgia on June 24, 2009.  (T- 21-56).  Thereafter, in a hearing decision dated July 13, 2009, the ALJ determined that the Plaintiff was not disabled.  (T-12-20).  The Appeals Council denied review

on August 13, 2010, making the July 2009 decision the final decision of the Commissioner.  (T-1-5).

*Statement of Facts and Evidence*

The Plaintiff was fifty (50) years of age at the time of the ALJ's decision.  (T- 25).  She completed the eleventh grade and has past relevant work experience as a certified nurse assistant.  (T-59, 126, 135).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of epilepsy and anxiety disorder.  (T- 14).  The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with certain restrictions.  (T- 15-16).  The ALJ concluded that the Plaintiff could not return to her past relevant work.  (T - 18).  After receiving vocational expert testimony, the ALJ determined that the Plaintiff could perform jobs which existed in substantial numbers in the national economy and she was thus not disabled.  (T- 19, 20).

## DISCUSSION

The Plaintiff asserts that the ALJ failed to properly consider or evaluate her subjective complaints of memory loss, and failed to pose a proper hypothetical to the Vocational Expert which included all of her impairments.

*Credibility determination*

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th  Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th

Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.  20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th  Cir. 1988).

The ALJ reviewed the Plaintiff's testimony and stated that:

> [a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> In reference to the assessment that the claimant has a problems [sic] with processing speed, anxiety problems, and memory loss, that conclusion cannot be quantified.  The claimant completed the 11th grade in school and can read and write.  There is no indication that she received any special education while in school.  Thereafter, she worked as a certified nurse's assistant.  Her job duties involved taking patient vital signs, completing reports, and using medical equipment on a daily basis.  She stopped working in December 2001 in order to raise her grandchildren.  The claimant denies having any problems with memory prior to the commencement of her seizures in October 2006. However, thereafter, she has the mental capability to take care of personal needs and performs household chores, including cooking meals.

> The claimant's reported activities are not shown to be consistent with her claim of total disability.

(T – 18.)

The Court finds that the ALJ thoroughly evaluated the objective medical record and the Plaintiff's subjective complaints of memory loss, and properly provided sufficient reasons for discrediting these statements.   The ALJ looked to the conflicts between the objective medical record and Plaintiff's subjective complaints, as well as Plaintiff's daily activities, in finding that her subjective accounts were not entirely credible.   Ultimately, the ALJ incorporated certain restrictions into his residual functional capacity finding which reflected Plaintiff's memory loss issues, stating that Plaintiff suffered from a "moderately limited ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods . . . [and] complete a normal workday and workweek without interruptions from psychologically based symptoms".   (T – 16).   The record supports the ALJ's findings that the Plaintiff's daily activities as well as the objective medical record conflict with the allegation of memory loss and resulting disabling limitation.   The Court finds that the ALJ's conclusions regarding Plaintiff's credibility were properly reached and supported by substantial evidence.

*Hypothetical*

The Plaintiff also maintains that the ALJ erred in failing to include all of her impairments in a hypothetical to the Vocational Expert, failing to incorporate memory loss limitations.   Once a claimant proves at Step Four that she can no longer perform her past relevant work, the burden shifts to the Commissioner to establish that other jobs exist in the national economy that the claimant can perform.  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir.   1999).   The testimony of a Vocational Expert may provide the basis for a finding by the ALJ that the Plaintiff can still perform other jobs at

5

Step Five.  *Id.*  "In order for a vocational expert's testimony to constitute substantial evidence [for a finding at Step Five], the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.  2002).

The ALJ was not required to evaluate the Vocational Expert's responses to hypothetical situations comprised of unsupported allegations regarding the Plaintiff's condition.  Although Plaintiff's counsel pointed to additional limitations for the Plaintiff in posing hypotheticals for the Vocational Expert, the Plaintiff did not establish that these additional limitations were supported by the record or that they otherwise significantly affected Plaintiff's ability to perform work activity.  (T – 54-55).  The Vocational Expert testified that the information regarding additional memory loss related limitations was not specific enough to form concrete restrictions for Plaintiff's residual functional capacity.  *Id.*  "The ALJ is not required to include in any hypothetical question to the VE claims of impairments that he has found unsupported."  *Dent v. Astrue*, 2009 WL 3418155 (M.D.Ga.)(citing *Crawford v. Comm'r. of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).  Accordingly, there was no error in the ALJ's failure to consider the limitations set out in Plaintiff's hypotheticals and the Vocational Expert's responses thereto.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable C. Ashley Royal, Chief United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 23rd day of January, 2012.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

asb